IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYNUM TRANSPORT, INC.,
a Florida corporation,

    Plaintiff,

vs.                                              CASE NO.:

NAVISTAR, INC., a Delaware
corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Bynum Transport, Inc. ("Bynum") hereby files this Complaint for Damages against Defendant, Navistar, Inc. ("Navistar"), and as grounds for such alleges as follows:

**I.    Parties.**

1.    Bynum, a Florida corporation, is an interstate motor carrier with its principal place of business in Auburndale, Polk County, Florida. Bynum specializes in interstate transportation, by way of tractor and tank trailer, of food grade liquid products and currently maintains a fleet of roughly 200 tractors and trailers.

2.    Navistar, a Delaware corporation, is in the business of manufacturing and marketing, among other things, International brand heavy-duty commercial trucks and MaxxForce brand diesel engines. Navistar's principal place of business is 2701 Navistar Drive, Lisle, Illinois 60532.

**II.     Jurisdiction and Venue.**

3.     Pursuant to *Fla. Stat.* § 48.193, Navistar is amenable to the general personal jurisdiction of this Court because Navistar operates, conducts, engages in, and carries on business within Florida. Further, Navistar is engaged in substantial and not isolated activity within Florida.

4.     Navistar is a foreign corporation registered to do business within Florida and maintains a registered agent within the state for the purpose of service of process as follows: CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

5.     This Court has subject matter jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. § 1332, as the amount in controversy is greater than seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and/or attorneys' fees, and the parties hereto maintain a principal place of business in different states (Florida and Illinois).

6.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because, as will be specifically detailed below, a substantial part of the events and/or omissions giving rise to this claim occurred within Polk County, Florida.

**III.    General Allegations of Fact.**

7.     At all times relevant hereto, Navistar manufactured and sold trucks containing defective "MaxxForce Engines" under its "International" brand name.

8.     The "International ProStar+ 113 6x4", both the 2010 and the 2012 models, are examples of trucks known to contain the defective MaxxForce Engines.

9.     In or around 2009, Bynum purchased a fleet of new 2010 International ProStar trucks (the "2010 Fleet"), all of which contained defective MaxxForce Engines, from Sunstate International Trucks of Central Florida, LLC in Davenport, Florida.

10. In or around November of 2010, in light of the chronic failures of the 2010 Fleet, Mr. Todd Bynum ("Mr. Bynum"), the owner of Bynum, entered into negotiations with Mr. Jim Hebe ("Mr. Hebe"), the former Senior Vice President of North American Sales Operations at Navistar, for the refund or replacement of the 2010 Fleet.

11. In or around March of 2011, negotiations between Mr. Bynum and Mr. Hebe concluded in a verbal agreement between Bynum and Navistar (the "Agreement") upon the following pertinent terms:

    a. Navistar received the 2010 Fleet as a trade on a new fleet of 2012 International ProStar trucks (the "2012 Fleet");

    b. Navistar provided Bynum with two (2) extra trucks, also 2012 International ProStar models, at no additional charge;

    c. Due to the excessive downtime experienced by Bynum due to the failures of the 2010 Fleet, Navistar agreed to pay Bynum four hundred dollars ($400.00) for each day any of the 2012 Fleet trucks was required to be out of service for more than two (2) days due to any mechanical failure of the vehicle ("Downtime").

12. In or around March of 2011, pursuant to the Agreement, Navistar transferred the 2012 Fleet to Bynum and Bynum began using and relying upon the 2012 Fleet for its interstate motor carrier business.

13. The 2012 Fleet trucks each contained a defective MaxxForce engine.

14. Within roughly ninety (90) days after the 2012 Fleet was in service for Bynum, Bynum started experiencing excessive downtime due to mechanical failures of the 2012 Fleet.

15. For the entire time Bynum owned the 2012 Fleet it was plagued with chronic mechanical failures causing excessive Downtime.

16. Bynum suffered damages resulting from chronic failures of the 2012 Fleet, causing extensive Downtime, for the entire length of time that Bynum owned the 2012 Fleet.

17. Navistar started making payments to Bynum for the Downtime.

18. Beginning in or around April of 2013, Bynum noted that Navistar's payments for Downtime were all substantially below the amounts owed for each respective month.

19. In or around October of 2013, Navistar stopped paying Bynum altogether for any Downtime.

20. As a result of this and Navistar's continued non-payment, Bynum performed an audit of the Downtime payments from Navistar (the "Audit").

21. The Audit showed the following:

   a. For the entirety of the Agreement, Navistar had only been paying $400.00 per day that each vehicle was logged into the shop for repairs. Navistar was not counting all of days that the trucks were out of service.

   b. The 2012 Fleet averaged 8.4 days of downtime per truck.

   c. Navistar should have paid a total of $1,189,600.00 for the Downtime.

   d. Navistar only paid Bynum a total of $389,600.00 for the Downtime.

22. Bynum has demanded payment from Navistar and Navistar has heretofore failed to pay or provide any substantive response to Bynum regarding non-payment.

23. All conditions precedent to this action have occurred, been performed, or have been waived.

**BREACH OF CONTRACT**

24. Bynum hereby incorporates all allegations set forth above by reference as if set forth fully herein.

25. Navistar breached the Agreement by:

   a. Continuously paying Downtime only for the time that each truck was physically logged into the repair shop beyond two (2) days, rather than the entire time the truck was out of service beyond two (2) days;

   b. Refusing to pay some Downtime altogether when the Downtime resulted from certain types of mechanical failures of the 2012 Fleet (determined arbitrarily by Navistar);

   c. Cutting off Downtime payments altogether after roughly two (2) years of ownership by Bynum.

26. Navistar's numerous and continuous breaches of the Agreement constitute a material breach of contract.

27. Bynum has suffered damages as a result of Navistar's numerous and continuous breaches of the Agreement in an amount yet to be precisely determined.

WHEREFORE, for the reasons set forth herein, Bynum respectfully requests that this Court enter a final judgment of damages, taxable costs, interest, and any other relief that this Court deems reasonable and just in the premises.

[*Demand for Jury Trial and signature block on following page.*]

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

Dated October 21, 2016.

                                          Respectfully submitted,

                                          **TAYLOR & ASSOCIATES,**
                                          **ATTORNEYS AT LAW, P.L.**

                                          /s/ Joseph A. Parrish, Jr., Esq.
                                          **Joseph A. Parrish, Jr., Esq.**
                                          Florida Bar No.: 0088768
                                          jparrish@taylorattorneys.net
                                          jkirkland@taylorattorneys.net
                                          **K.C. Bouchillon, Esq.**
                                          Florida Bar No. 0999458
                                          kc@taylorattorneys.net
                                          ckangas@taylorattorneys.net
                                          20 3rd Street SW, Suite 209
                                          Winter Haven, FL 33880
                                          T: 863.875.6950
                                          F: 863.875.6955

                                          Trial Counsel